**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IVAN RAY CARTER, Jr., | No. 14-15321 |
| Plaintiff - Appellant, | D.C. No. 1:13-cv-00875-DLB |
| v. | |
| VELVA HAMPSON, Senior Librarian at CSATF, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding[**]

Submitted March 10, 2015[***]

Before:    FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Ivan Ray Carter, Jr., a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging denial of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    Carter consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

access to the courts. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Carter's access-to-courts claims because Carter failed to allege facts sufficient to show that he suffered an actual injury as the result of defendant's conduct. *See Lewis v. Casey*, 518 U.S. 343, 348-53 (1996) (access-to-courts claim requires showing that the defendant's conduct caused actual injury to a non-frivolous legal claim); *see also Christopher v. Harbury*, 536 U.S. 403, 414-16 (2002) (discussing elements of a backward-looking access-to-courts claim).

The district court did not abuse its discretion by denying leave to amend the complaint because amendment would have been futile. *See Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025, 1031 (9th Cir. 2008) (setting forth standard of review and explaining that denial of leave to amend is improper unless it is clear that the complaint could not be saved by amendment).

**AFFIRMED.**